United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADIN ORGANICS USA LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERRA NOSTRA ORGANICS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03373-AMO<br><br>**ORDER GRANTING COUNTER-DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 46 |

Before the Court is the joint motion to stay discovery brought by Counter-Defendants Tradin Organic Agriculture B.V. ("Tradin BV") and ACOMO N.V. ("ACOMO"). ECF 46. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing on this motion, set for March 7, 2024, is VACATED.[1] *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the requested stay of discovery, for the following reasons.

## I.    BACKGROUND

On July 6, 2023, Tradin Organics USA LLC ("Tradin USA") filed its Complaint initiating this case against its former employees, Hendrik Rabbie, Caeli Perrelli, and Elena Luis, and Terra Nostra Organics, LLC ("Terra Nostra," collectively "the Terra Nostra Defendants"), the entity those former employees created. ECF 5 ("Compl."). Tradin USA asserts claims for trade-secret misappropriation, breach of contract, breach of fiduciary duties, tortious interference, and defamation. Compl. ¶¶ 34-79. The Terra Nostra Defendants responded with an Answer along

---

[1] This Order does not vacate the parties' hearing on the pending motion to dismiss. ECF 42, ECF 63. The hearing on that motion remains set for March 7, 2024, in San Francisco.

1  with counterclaims against Tradin USA plus two associated Dutch entities, ACOMO and Tradin
2  BV (collectively "the Dutch Entities"). ECF 23 at 24-27. The Dutch Entities jointly move to
3  dismiss for lack of personal jurisdiction. ECF 42. That motion is now fully briefed and set to be
4  heard on March 7, 2024. *See* ECF 63. In the interim, the Dutch Entities seek to stay discovery
5  pending resolution of the motion to dismiss. ECF 46.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits a court, upon showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, forbidding discovery, or by specifying limits on discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(D). "Good cause for staying discovery may exist when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). In determining whether to stay discovery pending resolution of dispositive motions, courts in this District consider the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and (2) whether the pending dispositive motion can be decided absent additional discovery. *Micron Tech., Inc. v. Un. Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018 at *1 (N.D. Cal. Mar. 16, 2018) (citing *The Pacific Lumber Co. v. Nat'l Un. Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D 349, 352 (N.D. Cal. 2003)). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

## III. DISCUSSION

The Court has taken a "preliminary peek" at the merits of the underlying motion to dismiss in considering whether a stay of discovery is warranted in this case. *See Yamasaki*, 2021 WL 3675214, at *1. The Dutch Entities' motion to dismiss presents strong arguments that the Court lacks personal jurisdiction over the two entities based in the Netherlands.

The Terra Nostra Defendants bring counterclaims against the Dutch Entities for (1) declaratory judgment of no trade secret misappropriation regarding the allegations in Tradin USA's Complaint, ECF 23, ¶¶ 23-70; (2) defamation, ¶¶ 71-80; (3) tortious interference, ¶¶ 81-88; and (4) violation of the UCL, ¶¶ 89-96.  The Terra Nostra Defendants allege that the Dutch Entities are subject to personal jurisdiction in this District on theories of both general jurisdiction and specific jurisdiction.  *See* Opp. to Mot. Dismiss Countercl. at 7-16 (ECF 64 at 12-21).  The Dutch Entities argue that they are not subject to personal jurisdiction because the Terra Nostra Defendants' claims are premised on Tradin USA's operations as a subsidiary of the Dutch Entities.  *See generally* Mot. Dismiss Countercl. (ECF 42).  Any conclusion to the contrary must fail, the Dutch Entities argue, because it would contravene the "well-established [rule] that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." Mot. Dismiss Countercl. at 1 (ECF 42 at 5) (quoting *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003)).  The Court abstains from deciding the merits of the motion to dismiss at this stage but finds the Dutch Entities' arguments that the Court lacks personal jurisdiction over the two foreign companies potentially dispositive of the entire case as to them.

The Terra Nostra Defendants maintain that the pending motion to dismiss is not potentially dispositive of the case and that the Dutch Entities could remain Counter-Defendants in the case because the Dutch Entities have not demonstrated that it would be appropriate to dismiss the Counterclaims without leave to amend.  This argument misreads the standard, and it has already been addressed by other courts in this District at the same stage of analysis.  For example, in a case heard by Judge White, the plaintiff similarly argued that defendants failed to establish the motion to dismiss was case dispositive because pleading defects could be cured through amendment.  *Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022).  "[T]he fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is *potentially* dispositive of the entire case." *Id.* at *2 (emphasis in original).  The same reasoning applies here.  The Dutch Entities' pending jurisdictional challenge

1 is potentially dispositive of the entire case as to them, and the motion satisfies the first factor of
2 the *Pacific Lumber* test.

3       To satisfy the second factor for staying discovery under *Pacific Lumber*, the Dutch Entities
4 argue that the pending motions can be decided without the need for additional discovery. The
5 Terra Nostra Defendants argue they need jurisdictional discovery to evaluate general jurisdiction.
6 Opp. to Mot. Stay Disc. at 13-15 (ECF 57 at 17-19); *see also* Opp. to Mot. Dismiss at 16-17 (ECF
7 64 at 21-22). The Dutch Entities oppose jurisdictional discovery because it would prove futile –
8 the Terra Nostra Defendants do not specify what they would hope to unearth through jurisdictional
9 discovery. *See* Reply Mot. Dismiss at 14-15 (ECF 67 at 19-20). At this stage, the motion to
10 dismiss for lack of jurisdiction is fully briefed, and the Court's "preliminary peek" suggests that
11 the motion can be decided without additional discovery. The Court notes that the Terra Nostra
12 Defendants' requests for jurisdictional discovery to confirm their allegations regarding the Dutch
13 Entities' contacts with this forum – requests made for the first time and only within the text of
14 their opposition briefs – look like they seek permission to conduct a fishing expedition. *See*
15 *Hernandez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1062 (N.D. Cal. 2022). Because the
16 motion to dismiss can be decided without additional discovery, the Dutch Entities have satisfied
17 the second prong of the *Pacific Lumber* test. *Pac. Lumber Co.*, 220 F.R.D. at 352.

## IV.   CONCLUSION

19       The Court finds in its discretion that both party and judicial resources will be most
20 efficiently used if discovery is stayed until the Court decides the pending motion to dismiss.
21 Accordingly, the Court **GRANTS** Tradin BV's and ACOMO's motion to stay discovery. Any
22 discovery obligations of Tradin BV and ACOMO are hereby stayed until the Court decides Tradin
23 BV's and ACOMO's motion to dismiss for lack of personal jurisdiction.

24       **IT IS SO ORDERED.**

25 Dated: December 7, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4